UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEANNIE URENA,<br><br>    Plaintiff,<br><br> v.<br><br>ABM INDUSTRIES INCORPORATED,<br><br>    Defendant. | CASE NO. 2:25-cv-01021-LK<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders Defendant ABM Industries Inc. to show cause why this case should not be remanded for lack of subject matter jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). "If at any time before final

ORDER TO SHOW CAUSE - 1

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

When, as here, "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (citation modified); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (explaining that when the plaintiff contests, or the district court questions, a defendant's jurisdictional allegations, the defendant must produce evidence establishing the amount in controversy). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

ORDER TO SHOW CAUSE - 2

ABM removed this case from King County Superior Court on the basis of diversity jurisdiction, contending that the parties are completely diverse and the amount in controversy exceeds $75,000. Dkt. No. 1 at 1–3 (citing 28 U.S.C. § 1332(a)). While it appears that the parties are completely diverse, *see id.* at 2, whether the amount in controversy is met is unclear. The complaint seeks damages in an amount "to be proven at trial" without specifying an amount. Dkt. No. 1-2 at 4. The notice of removal contends that the amount in controversy exceeds $75,000 because the complaint alleges that Plaintiff Jeannie Urena's injuries are "severe" and because, "[b]ased on conversations with Plaintiff's counsel, ABM understands that Plaintiff allegedly broke several ribs and was hospitalized at Harborview for three days." Dkt. No. 1 at 3.

This record fails to demonstrate that the $75,000 threshold is satisfied. While the complaint seeks various categories of relief, *see* Dkt. No. 1-2 at 1–4, it does not quantify any damages. Nor does ABM explain how the "severe" injuries, several broken ribs, and three days' hospital stay equate to more than $75,000 in controversy. *See* Dkt. No. 1 at 3.

Accordingly, within 14 days of the date of this Order, ABM is ORDERED to SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction. The Court further notes that ABM's corporate disclosure statement is deficient because it does not address its citizenship. Dkt. No. 5; Fed. R. Civ. P. 7.1(a)(2); LCR 7.1(b). AMB must file an amended disclosure statement within seven days of the date of this Order.

Dated this 22nd day of September, 2025.

Lauren King
United States District Judge